IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES THUL and CYNTHIA THUL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ONEWEST BANK, FBS, d/b/a INDYMAC MORTGAGE SERVICES, a division of OneWest Bank, FSB,<br><br>Defendant. | Case No. 12 C 6380 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Charles and Cynthia Thul have sued OneWest Bank, FSB, alleging that OneWest breached a promise to permanently modify their mortgage loan under the Home Affordable Modification Program (HAMP) and engaged in unfair or deceptive conduct relating to their participation in the program. Among other things, the Thuls allege that even though they met all the requirements that OneWest imposed for modification, OneWest refused to modify the loan and instead initiated foreclosure proceedings. The Thuls have sued for breach of contract or alternatively under a theory of promissory estoppel, and for violation of the Illinois Consumer Fraud Act (ICFA).

OneWest has moved to dismiss, citing Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). OneWest contends that the Thuls did not meet the requirements for modification; that this is proven by documents that OneWest includes with its motion; and that as a result, they lack standing to sue because their injury is the result of their

own actions, not anything that OneWest did or did not do. OneWest also contends that the Thuls' breach of contract and promissory estoppel claims fail because no real promise was made and that their ICFA claim fails because they have failed to allege with particularity conduct that violates that statute.

**1.     Rule 12(b)(1) motion**

The Thuls have quite plainly alleged misconduct by OneWest that caused them injury. That is all they have to do to in their complaint to sufficiently allege standing. *See, e.g., G&S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012) (complaint that alleges economic harm caused by defendant's conduct that can be redressed by damages is sufficient to satisfy "minimal standard" for pleading standing).

OneWest's so-called "standing" argument goes squarely to the merits of the Thuls' claim: what led to the denial of a modification, their own failure to qualify, or something that OneWest did or did not do? In an effort to get before the Court materials that are outside the scope of the pleadings, OneWest has attempted to force a square peg into a round hole. *See generally Bell v. Hood*, 327 U.S. 678, 681-82 (1946) (distinguishing between jurisdictional dismissal and dismissal for failure to state a claim). Though OneWest calls its argument a challenge to standing, what it really amounts to is a contention that the Thuls cannot prove their case. When a challenge to jurisdiction is intertwined with the underlying merits of the claim, dismissal under Rule 12(b)(1) is inappropriate unless the jurisdictional allegations are plainly immaterial or wholly unsubstantial and frivolous. *See, e.g., Kern v. United States*, 585 F.3d 187, 194 (4th Cir. 2009). Because those stringent conditions are not met here, the Court declines to dismiss the case under Rule 12(b)(1). The Thuls ultimately may not be able to prove

their case, but they are entitled to an opportunity to try to do so.

**2.      Rule 12(b)(6) motion**

The Court turns next to OneWest's request to dismiss the complaint pursuant to Rule 12(b)(6). To avoid dismissal for failure to state a claim, a complaint must describe the claim sufficiently to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiffs also must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

OneWest argues that it never promised the Thuls that their mortgage loan would modified. OneWest contends that this is established by the Thuls' trial period plan (TPP), in particular by language in the TPP stating that no modification would be made if "the Lender determine[d]" that they did not meet the requirements or that the representations in their modification proposal were inaccurate. Compl., Ex. B at 4 & 5. Because OneWest as the lender later determined that the Thuls did not qualify, it argues, that is the end of the story. Q.E.D.

This argument flies in the face of a recent and controlling Seventh Circuit decision that OneWest did not bother to address or even mention until after the Thuls cited it in their response to the motion to dismiss: *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012). The Seventh Circuit squarely rejected in *Wigod* the argument that OneWest makes here. *Id.* at 561-65. The same discussion in *Wigod* also dooms OneWest's argument that there is no sufficiently unambiguous promise to give rise to a viable promissory estoppel claim. The Seventh Circuit also rejected in *Wigod* the

defendant's argument, likewise repeated by OneWest in its motion to dismiss, that a plaintiff may not pursue a promissory estoppel claim where a claim for breach of a written contract claim has also been alleged. *Id.* at 566 n.8.

The attorneys who submitted OneWest's opening brief, John Beisner and Jessica Miller of the Washington, D.C. office of Skadden, Arps, Slate, Meagher & Flom, LLP, and Andrew Fuchs of the Chicago office of that firm, ought to have brought *Wigod* to the Court's attention in their opening brief. Their failure to do so almost certainly ran afoul of their obligation of candor under ABA Model Rule of Professional Conduct 3.3(a)(2) and the corresponding District of Columbia (D.C. RPC 3.3(a)(3)) and Illinois rules (Ill. RPC 3.3(a)(2)), and it likely amounted to conduct sanctionable under Federal Rule of Civil Procedure 11(b)(2) and 28 U.S.C. § 1927. The Court will address this point further at the end of this decision.

Finally, OneWest contends that the Thuls have not alleged with particularity any deceptive conduct apart from the breach of contract that might give rise to a violation of the ICFA. The Court disagrees. First, the court in *Wigod* concluded that nearly identical allegations were sufficient to state an ICFA claim based on a theory of unfair business practices, *Wigod*, 673 F.3d at 575, and an ICFA claim based on unfair conduct requires neither deception nor particularized pleading under Federal Rule of Civil Procedure 9(b). *See, e.g., Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Financing Servs.,* 536 F.3d 663, 669-70 (7th Cir. 2008). Second, even if deception were required, the allegations of false statements in paragraphs 62, 63, and 64 of the complaint – in which the Thuls essentially allege that OneWest falsely told them that they did not qualify for a modification when they actually did, and lied about why – are sufficiently

particularized to meet Rule 9(b)'s requirements and sufficiently distinct from a simple breach of contract to be actionable under the ICFA. In addition, as plaintiffs correctly argue, Rule 9(b) requires only "the circumstances constituting fraud" to be pleaded with particularity, not damages. The district court cases that OneWest cites that arguably adopt a contrary rule are, with due respect, contrary to the plain language of Rule 9(b).

### Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [docket no. 29]. The Court also directs each of the attorneys who submitted the motion to dismiss and supporting briefs, John Beisner, Jessica Miller, and Andrew Fuchs of the law firm of Skadden, Arps, Slate, Meagher & Flom, LLP, to show cause in writing, by no later than January 10, 2013, why they should not be sanctioned in one or more of the following ways: (a) payment of plaintiffs' reasonable attorney's fees and expenses caused by advancing arguments contrary to the Seventh Circuit's *Wigod* decision without bringing that case to the Court's attention; (b) revocation of the *pro hac vice* status of Mr. Beisner and Ms. Miller; (c) a written and/or oral reprimand; (d) any other sanction that may be appropriate. The ruling date of January 3, 2013 is vacated. The case is set for a status hearing in open court on January 17, 2013 at 9:30 a.m. Mr. Beisner, Ms. Miller, and Mr. Fuchs are all directed to appear in person.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 2, 2013